**TD PROPERTIES, LLC and Mario D'Addario Buick–Nissan–GMC, Inc. Plaintiffs,**

v.

**VP BUILDINGS, INC. et al., Defendants.**

No. 3:07CV00629 (DJS).

United States District Court, D. Connecticut.

July 20, 2009.

Brock Thomas Dubin, Matthew H. Geelan, Donahue, Durham & Noonan, P.C., Guilford, CT, for Plaintiffs.

Curtis L. Brown, Lana Larson Dean, Wright, Fulford, Moorhead & Brown, P.A., Orlando, FL, David S. Hardy, Howard K. Levine, Carmody & Torrance, New Haven, CT, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

DOMINIC J. SQUATRITO, District Judge.

On March 13, 2009, the Court issued its decision granting summary judgment in favor of VP Consolidated Holdings, Inc., n/k/a Varco Pruden Buildings, Inc., the

sole remaining defendant in this case. *See TD Properties, LLC v. VP Bldgs., Inc.,* 602 F.Supp.2d 351 (D.Conn.2009). On March 16, 2009, the clerk entered judgment in favor of the defendant on all counts of the plaintiff's amended complaint. (*See* dkt. # 83.)

The defendant has filed a bill of costs, wherein it seeks reimbursement for certain costs associated with this case. (*See* dkt. # 84.) The plaintiff has objected to items D.1 through D.10 of the defendant's itemization of costs, arguing that these costs are not recoverable. (*See* dkt. # 85.) The Court agrees with the plaintiff that items D.1 through D.10 of the defendant's itemization of costs are not recoverable. As a result, the plaintiff's objection (**dkt.# 85**) is **SUSTAINED,** and the defendant's bill of costs (**dkt.# 84**) is **APPROVED in part and DENIED in part.**

Items D.1 through D.10 represent the occupational taxes the defendant's two out-of-state attorneys, Curtis L. Brown and Lana Larson Dean,[1] were required to pay to Connecticut's Commissioner of Revenue Services. The defendant refers to these costs as "fees paid to the Connecticut Commissioner of Revenue Services for *pro hac vice* admission fees."

As can be seen from law cited within the parties' submissions, however, it is not certain whether *pro hac vice* admission fees are taxable as costs. "[T]he district court has no discretion to award costs not authorized by statute or contractual provision[.]" *Rangolan v. County of Nassau,* 370 F.3d 239, 250 (2d Cir.2004) (internal quotation marks omitted). Under the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "The 'term "costs" as used in Rule 54(d)' is defined in 28 U.S.C. § 1920 (2000)." *Rangolan,* 370 F.3d at 250 (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987)). Pursuant to 28 U.S.C § 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The local rules of the District of Connecticut also allow, *inter alia,* "fees to masters, receivers and commissioners." D. Conn. L. Civ. R. 54(c)(6)(i).

The Court notes that there is no consensus among the federal courts as to whether *pro hac vice* fees are taxable as "fees of the clerk." *See Woodruff v. Hawai'i Pac. Health,* Civ. No. 05–00521–JMS–LEK, 2008 WL 5115051, at *5–6 (D.Haw. Dec. 5, 2008) (collecting cases). Put plainly, some courts have allowed the recovery of *pro*

---

**1.** The Court points out that the defendant also had local counsel from Carmody & Torrance LLP.

*hac vice* fees as fees of the clerk, while others have not.

■ Here, however, the Court need not decide this issue here for one simple reason: the costs at issue are not *pro hac vice* fees. *Pro hac vice* fees are the fees paid to the clerk of a court by an attorney who has not been admitted to that court, but who wishes to be admitted there temporarily in order to conduct a particular case. For example, Attorneys Brown and Dean paid *pro hac vice* fees to the clerk of this Court in order to appear in this case. (*See* dkt. # s 7 & 9.)

The fees Attorneys Brown and Dean paid to the Commissioner of Revenue Services, on the other hand, were not *pro hac vice* fees for temporary admission to this Court. Instead, these were occupational taxes for engaging in the practice of law in Connecticut. Thus, even if the Court were to find, in general, that *pro hac vice* fees are taxable as fees of the clerk, the occupational taxes paid by Attorneys Brown and Dean were not required by, or paid to, the clerk of this Court, and could not constitute "fees of the clerk" (*pro hac vice* or otherwise) under 28 U.S.C. § 1920.

Moreover, the Court points out that, unlike *pro hac vice* fees, Connecticut's attorney occupational tax is not based upon a lawyer's participation in any particular case. The tax is imposed upon lawyers who engage in the practice of law in Connecticut. Attorneys Brown and Dean might have paid their occupational taxes solely because of their participation in this case, and they might never be involved with another case in Connecticut for the remainder of their professional careers. Nonetheless, the principle remains the same; they were required to pay the taxes because they engaged in the practice of law in Connecticut, not because they appeared in this case specifically. The occupational tax is not a fee with a direct relation to this action, and therefore is not taxable as a cost.

■ Additionally, the Court disagrees with the defendant's argument that D. Conn. L. Civ. R. 54(c)(6)(i) allows for the recovery of the occupational tax. According to the defendant, its attorneys' occupational taxes are recoverable as litigation costs because D. Conn. L. Civ. R. 54(c)(6)(i) allows recovery for "fees to masters, receivers and commissioners," and the occupational tax is paid to the Commissioner of Revenue Services. As the word "commissioner" is not defined under the Local Rules, the defendant would have the Court apply a broad definition of "commissioner" that would include the Commissioner of Revenue Services.

The Court does not believe, however, that this broad definition is appropriate in the context of D. Conn. L. Civ. R. 54(c)(6)(i). It is true that "commissioner" can mean "[a] person who directs a commission" or "[t]he administrative head of an organization." *Black's Law Dictionary,* 306 (9th ed. 2009). Another definition, however, is a "judicial officer." *Id.* The relevant definition of "judicial officer" is "[a] person, usu. an attorney, who serves in an appointive capacity at the pleasure of an appointing judge, and whose actions and decisions are reviewed by that judge.—Also termed ... *special master; commissioner; hearing officer.*" *Id.* at 1193.

Given the fact that D. Conn. L. Civ. R. 54(c)(6)(i) lists "commissioners" with "masters" and "receivers," the Court agrees with the plaintiff that the traditional canon of *noscitur a sociis,* whereby "words grouped in a list should be given related meaning," *Dole v. United Steelworkers of Am.,* 494 U.S. 26, 36, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990) (internal quotation marks omitted), applies. "Masters" and

"receivers," in the context of litigation, refer to court-appointed judicial officers. In the Court's view, then, "commissioners," as used in D. Conn. L. Civ. R. 54(c)(6)(i), should be limited to the specific definition described above, i.e., "commissioner" as a judicial officer. The Commissioner of Revenue Services is not a judicial officer. As a result, the Commissioner of Revenue Services is not a "commissioner" under D. Conn. L. Civ. R. 54(c)(6)(i), and the occupational taxes paid to the Commissioner of Revenue Services are not recoverable as litigation costs.

In sum, the Court concludes that the defendant may not recover as costs items D.1 through D.10 on the defendant's itemization of costs. Items D.1 through D.10, which total $4,500.00, represent both the attorney occupational taxes already paid by Attorneys Brown and Dean to the Commissioner of Revenue Services, and the anticipated attorney occupational taxes for Attorneys Brown and Dean. *As the plaintiff has not objected to any other portion of the defendant's bill of costs, the Court shall allow the defendant to recover the remaining fees, which represent clerk fees, document reproduction costs, and deposition transcript fees totaling $1,500.61.*

### CONCLUSION

For the foregoing reasons, the defendant's bill of costs (**dkt. # 84**) is **APPROVED in part and DENIED in part**, and the plaintiff's objection to the bill of costs (**dkt. # 85**) is **SUSTAINED**. *The defendant may recover $1,500.61 as costs for this case.*